### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

**DAVID PAGÁN GONZÁLEZ, et al.,**

**Plaintiffs**

**v.**                                                            **CIVIL NO. 14-1899 (GAG)**

**ANA MORENO, et al.,**

**Defendants.**

### OPINION AND ORDER

Plaintiffs David Pagán-González ("Pagán-González"), and his parents David Pagán-Albino ("Pagán-Albino"), and Isabel González ("Mrs. González") bring this action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging Defendants Ana Moreno ("Agent Moreno"), Claudia Bonilla ("Agent Bonilla"), and other unknown agents of the FBI violated their constitutionally-protected rights under the Fourth and Fifth Amendments of the United States Constitution to be free from unreasonable searches and seizures, and violated Pagán-González's constitutional right to not be prosecuted without due process of law.  (Docket No. 1.)

Pending before the Court is Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).  (Docket No. 18.)  Defendants maintain dismissal is proper because (1) one of Plaintiff's claims is time-barred; and (2) Defendants are shielded by qualified immunity.  Id.  Plaintiffs responded, and Defendants sur-replied.  (Docket Nos. 25; 29.)  For the reasons stated below, the Court **GRANTS** Defendants' motion to dismiss.

Civil No. 14-1899 (GAG)

### I.        Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, see FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court.  See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Id.  A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678-79.  Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."  Schatz, 669 F.3d at 55.  Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense.  Id. (citing Iqbal, 556 U.S. at 678-79).  This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.  Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is

Civil No. 14-1899 (GAG)

liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

## II.     Relevant Factual and Procedural Background

Plaintiffs allege that on October 23, 2013, around ten federal agents, including Agent Moreno appeared at Plaintiffs' residence in Cabo Rojo, Puerto Rico.  (Docket No. 1 ¶ 14.) Defendants did not have a search warrant. Id. ¶ 22.  Agent Moreno identified herself as an FBI agent, and indicated that they were there because a modem in a computer at the residence was transmitting viruses to a computer in Washington D.C. and they wanted to fix the problem. Id. ¶¶ 19, 23, 25, 27, 29.  Plaintiffs allege Defendants were knowingly lying in order to obtain consent to search for criminal activity. Id. ¶¶ 24, 26, 28, 30, 32, 39, 43-47.  Plaintiffs allege that through these lies, Defendants induced them to provide them access to the computer and inspect them. Id. ¶ 34.  All three Plaintiffs signed consent forms authorizing the agents to search the computers. Id. ¶ 35.  Defendants inspected two computers, including Pagán-González's laptop, to which the agents inserted a jump drive. Id. ¶¶ 36-37.  After inspecting said computers the agents took Pagán-González's computer saying that they were going to "clean" it or "fix" it. Id. ¶ 38.  Plaintiffs complained and said Pagán-González needed his computer for college, but Defendants responded that they had to take it because they found evidence of criminal activity. Id. ¶¶ 40-41.

Thereafter, on December 11, 2013, Defendants secured a criminal complaint against Pagán-González, using exclusively the evidence obtained from his computer. Id. ¶ 48.  Agent Bonilla swore and signed the affidavit in support of the criminal complaint. Id. ¶ 49.  Pagán-González was arrested on December 12, 2013. Id. ¶¶ 51-52.  Pagán-González remained in custody at Metropolitan Detention Center ("MDC") from December 12, 2013 until December 19, 2013 when his parents were able to post bond after he was granted bail. Id. ¶¶ 54-56, 62, 64.  On

Civil No. 14-1899 (GAG)

January 9, 2014, a Grand Jury issued an indictment against him, charging him with two counts of transporting and receiving child pornography.  Id. ¶ 65.

On June 10, 2014, Pagán-González then filed a motion to supress alleging the evidence against him had been obtained unconstitutionally and that the "consent obtained by the authorities was given under false pretenses, based upon a lie made by the agents."  Id. ¶ 67.  The Government did not respond, but rather, in the "interest of justice" voluntarily dismissed the case on June 20, 2014.  Id. ¶¶ 69-70.  Plaintiffs then filed the instant case.

**III.   Legal Analysis**

a.  Statute of Limitations

Defendants move to dismiss any Fourth Amendment Bivens claim against them based on their alleged "first entry" into Plaintiffs' house, and the alleged search and seizure of Plaintiffs' computers on October 23, 2013, arguing that because Plaintiff did not file suit until December 12, 2014, this claim is time-barred by a one-year statute of limitations.   (Docket No. 18 at 7-9.) Plaintiffs counter that the statute of limitations instead began to run on December 12, 2013, the day Pagán-González was arrested.[1] (Docket No. 25 at 4-7.)

Bivens claims are subject to a one-year statute of limitations according to Puerto Rico law.[2] See Álamo Hornedo v. Puig, 745 F.3d 568, 580-81 (1st Cir. 2014).  The one-year period begins to run the day after the date of accrual.  Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005); Carreras-Rosa v. Alves-Cruz, 127 F.3d 172 (1st Cir. 1997) (holding that Puerto Rico law controls the question of when the statute of limitations begins to run, and under

---

[1]  Plaintiffs do not argue that the statute of limitations has been tolled or interrupted.

[2]  When a federal cause of action lacks a statute of limitations period set by Congress, state law provides. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  In Bivens actions, like in Section 1983 claims, the statute of limitations is borrowed from the applicable state statute of limitations for personal injuries, which in Puerto Rico is one year.  Id. at 266, 280; see also P.R. LAWS ANN. tit. 31, § 5298(2).

4

Civil No. 14-1899 (GAG)

that law, the period must be counted from the day after the date of accrual) (citations omitted). The date of accrual is determined in accordance with federal law, Wallace v. Kato, 549 U.S. 384, 388 (2007), and happens generally when the plaintiff knows or has reason to know of the injury on which the action is based.  See Centro Médico del Turabo, 406 F.3d at 6.

Thus, accrual of Fourth Amendment claims happens on the same day of the alleged unconstitutional search and seizure.  Gorelik v. Costin, 605 F.3d 118, 122 (1st Cir. 2010) ("a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt."); see also Medina v. Toledo, 718 F. Supp. 2d 194, 204 (D.P.R. 2010) ("Plaintiffs['] claims began to accrue at the time of injury . . . the illegal searches and seizures on November 29 and 30, 2006. . . . Plaintiffs had one year from November 30, 2006, to sue for personal injuries . . . arising from the searches and seizures of Plaintiffs' persons and property.").

The injury alleged of here is that on October 23, 2013, Defendants entered Plaintiffs' home and without a warrant, searched both computers and seized Pagán-González's computer.  Plaintiffs allege these acts constitute an unreasonable search and seizure in violation of the Fourth Amendment.  Plaintiffs' admit that the agents told them that "Defendants needed to take one of the computers with them" in order to "clean" or "fix" it, to which Pagán-Albino complained telling them that "they could not take the laptop because Mr. Pagán-González needed the materials in it, which included study materials for his college classes."  (Docket No. 1 ¶¶ 38, 40).  Plaintiffs further alleged that Defendant responded that Plaintiffs "could not touch or access that laptop, and that Defendants would take it, because it contained criminal evidence and therefore, the laptop was now under Government's custody."  Id. ¶ 41.  It is specifically at that point that Plaintiffs knew or had reason to know of the existence of an injury by way of invasion of their privacy and

**Civil No. 14-1899 (GAG)**

possessory interest in their home and computers.  Thus, on October 23, 2013, the clock started ticking on Plaintiffs' "first entry" and search and seizure claims.  By filing suit more than a year after on December 12, 2014, Plaintiffs' claims are now time-barred.

### b.  Qualified Immunity

Defendants next move to dismiss all of Plaintiffs' claims because Defendants are protected by qualified immunity.  (Docket No. 18 at 9-29.)  Qualified immunity under 42 U.S.C. § 1983, shields government officials from liability for civil damages if their actions were objectionably reasonable as evaluated in the context of legal rules that were "clearly established" at the time.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The First Circuit has explained that government actors are entitled to qualified immunity from liability for civil damages when they perform discretionary functions if either (1) their conduct did not violate clearly established rights of which a reasonable person would have known, or (2) it was objectionably reasonable to believe that their acts did not violate these clearly established rights. See Acevedo-García v. Vera-Monroig, 204 F.3d 1, 10 (1st Cir. 2000); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).

Plaintiffs allege two main claims: (1) Defendants' search and seizure of Plaintiffs' computers,  and (2) Pagán-González's arrest and indictment violated Plaintiffs' Fourth and Fifth Amendment Rights.  As established above, any claims based on the first entry into Plaintiffs' home and the subsequent search and seizure of the computers on October 13, 2013, are time-barred.  Thus, the Court need not dive into the merits of whether the agents are protected by qualified immunity as to those claims.

Civil No. 14-1899 (GAG)

The Court then need only determine whether the arrest, prosecution, and seven days in pre-trial detention violated Pagán-González's constitutional rights.[3]   Plaintiffs challenge the ensuing investigation and prosecution of Pagán-González that culminated in a dismissal of the indictment because any evidence used to secure the warrant for the arrest at his home[4] and subsequent prosecution is inadmissible under the "fruit of the poisonous tree" doctrine.   (Docket Nos. 25 at 14.)

To prove a malicious prosecution claim, Plaintiffs must "establish that: 'the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" Hernández-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (citing Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012)).   In most cases, a magistrate's finding of probable cause is an intervening act that cuts the official's liability for the unlawful seizure.   Hernandez-Cuevas, 723 F.3d at 100.   For Pagán-González to prove a Fourth Amendment violation based on false statements in an affidavit supporting an arrest warrant, he must demonstrate that "the police officer submitted to the magistrate evidence that was not 'believed or appropriately accepted by the [officer] as true[,]'" and as such the magistrate judge's finding of probable cause was constitutionally insupportable.[5]   Id. at 101 (citing Franks v. Delaware, 438 U.S. 154, 165 (1978)).   This a high burden, where Plaintiffs would have to show

---

[3] Plaintiffs can only bring such claim under the Fourth Amendment. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 94 (1st Cir. 2013) ("an individual's Fourth Amendment right to be free from seizure but upon probable cause continues through the pretrial period, and . . . in certain circumstances, injured parties can vindicate that right through a § 1983 or Bivens action.").

[4] No Fourth Amendment claim follows from entering Pagán-González's home on December 12, 2013, given that the arrest warrant authorized any agent to carry out this arrest. See Payton v. New York, 445 U.S. 573, 603 ("for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.").

[5] Plaintiffs can do so by proving that the officer misled prosecutors, failed to come forth with exculpatory evidence, or influenced the prosecutor in seeking the indictment. See Hernandez-Cuevas, 723 F.3d at 100. Plaintiff essentially must "demonstrate that law enforcement officers were responsible for his continued, unreasonable pretrial detention." Id.

**Civil No. 14-1899 (GAG)**

more than negligence or innocent mistake, but rather, demonstrate that the official's statements in the affidavit were deliberately false, and that those lies "were necessary to the magistrate's probable cause determination." Hernández-Cuevas, 723 F.3d at 102; see also United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (noting that defendants "failed to make the requisite . . . showing that absent the false information the affidavit contained insufficient evidence to support a finding of probable cause.").

Pagán-González's malicious prosecution claim fails at multiple levels. First, the complaint is devoid of any allegations that would support a finding of lack of probable cause behind the arrest, investigation, or the ensuing prosecution against Pagán-González for child pornography. Additionally, Pagán-González does not allege his innocence whatsoever. To the contrary, both Magistrate Judge Vélez-Rivé and a grand jury found probable cause in his criminal proceedings. See United States v. Washington, 431 U.S. 181, 185 n. 3 (1977) ("an indictment returned by a properly constituted grand jury is not subject to challenge on the ground that it was based on unconstitutionally obtained evidence."); see also Perez-Ruiz v. Crespo-Guillen, 847 F. Supp. 1, 4 (D.P.R. 1993) (no malicious prosecution claim where "a magistrate found there was probable cause for their arrest and subsequent detention."); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 n.5 (1st Cir. 1996) (where probable cause exists, there is no constitutional violation and no viable malicious prosecution claim).

The Complaint also lacks any allegations from which the Court could infer a malicious prosecution claim against Agents Bonilla or Moreno. Because Magistrate Judge Vélez-Rivé found probable cause during his criminal proceedings, it is Plaintiff's burden to show Defendants submitted evidence to the Magistrate in bad faith, or in any way misled prosecutors or influenced the indictment. Otherwise, the Magistrate Judge's finding of probable cause proves fatal to Pagán-

Civil No. 14-1899 (GAG)

1    González's claim, especially when Plaintiffs have failed to show that the warrant would not have

2    established probable cause without the allegedly false information.

3          As to Agent Moreno, the complaint is completely devoid of any personal involvement in

4    Pagán-González's arrest, prosecution, or pre-trial detention.   None of Plaintiffs' alleged facts

5    indicate that Defendant Moreno was in any way responsible for Pagán-González continued pre-

6    trial detention.  See Santana-Castro v. Toledo-Davila, 579 F.3d 109, 117 n. 9 (1st Cir. 2009)

7    (noting that malicious prosecution claims fail where officers, although they arrested plaintiff, were

8    not responsible for "bringing charges" against him).

9          As to Defendant Bonilla, Plaintiffs allege that she lied as she swore out and signed the

10   affidavit in support of the criminal complaint prior to the magistrate judge issuing the warrant.

11   Plaintiffs also allege that "some defendants" along with Agent Bonilla were present during Pagán-

12   González's detention hearing, and "witnessed" when he was being charged for a crime based on

13   unconstitutional evidence.   However, there is no indication that either Bonilla or Moreno

14   fabricated evidence, or that the evidence was so lacking in some way that they in essence incited

15   prosecutors to continue the indictment.  Contrary to other cases in this Circuit where plaintiffs

16   have effectively made a malicious prosecution showing, here there is no indicium of agent

17   misconduct, or that these two officers were in any way responsible for encouraging the prosecution

18   of this case.  Thus, Plaintiffs have failed to alleged sufficient facts from which the Court could

19   infer that Defendants in any way caused the continued unlawful seizure.

20         Plaintiffs' contention that any evidence obtained in violation of his constitutional rights

21   would negate the probable cause found in this case is meritless.  The exclusionary rule does not

22   apply in civil cases.  See Pennsylvania Bd. of Probation & Parole v. Scott, 524 U.S. 357, 364 n. 4

23   (1998); Medina, 718 F. Supp. 2d at 207 aff'd sub nom. Moreno-Medina v. Toledo, 458 Fed. Appx.

24

9

Civil No. 14-1899 (GAG)

4 (1st Cir. 2012) ("[w]hile the search warrant itself may have lacked probable cause, rendering the incriminating evidence fruits of the poisonous tree subject to the exclusionary rule, the same rules that apply to criminal cases do not always apply in the civil context. Specifically, in the context of a civil malicious prosecution claim, the exclusionary rule does not apply to the effect that it would nullify the officers' probable cause to arrest [Plaintiff]."). Even accepting as true Plaintiffs' allegations that the evidence was obtained in violation of Pagán-González's Fourth Amendment rights, they have failed to show these acts would negate probable cause. Probable cause existed when Pagán-González was arrested from his home and the ensuing prosecution followed. While the Court certainly is appalled at the allegations that FBI agents would ask to enter his home without a warrant, and through a ruse, obtain consent from all family members to search and seize Pagán-González's laptop, Plaintiffs have failed to show how these actions make the evidence obtained, and for which Magistrate Vélez-Rivé found probable cause, constitutionally unacceptable.

Because Plaintiffs' Fourth Amendment claims based on the search and seizure of their computers is time-barred, and the Complaint as alleged does not establish any other constitutional violations, the Court **GRANTS** Defendants' Motion to Dismiss at Docket No. 18.[6]

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of August, 2016.

> *s/ Gustavo A. Gelpí*
> GUSTAVO A. GELPI
> United States District Judge

---

[6] The Court need not address whether any constitutional violation alleged here was clearly established since Plaintiffs' complaint fails at the first step of the qualified immunity analysis.